**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-2486**

_____

DOMINION COAL CORPORATION,

                    Petitioner,

          v.

VIRGINIA R. COMPTON, Widow of Johnny Compton; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

                    Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board
(11-0844-BLA).

_____

Submitted: December 23, 2013      Decided: January 27, 2014

_____

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Ronald E. Gilbertson, HUSCH BLACKWELL LLP, Washington, D.C., for
Petitioner.  Joseph E. Wolfe, Ryan C. Gilligan, WOLFE, WILLIAMS,
RUTHERFORD & REYNOLDS, Norton, Virginia; Barry H. Joyner, Gary
K. Stearman, U.S. DEPARTMENT OF LABOR, Washington, D.C., for
Respondents.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominion Coal Corporation ("Employer") seeks review of the decision and order of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") award of survivor's benefits to Virginia E. Compton, widow of former employee Johnny Compton, on her subsequent claim under 30 U.S.C.A. §§ 901-945 (West 2007 & Supp. 2013) ("the Act"), as amended by the Patient Protection and Affordable Care Act ("PPACA"), Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260 (2010). We deny the petition for review.

Employer raises only legal challenges to the orders of the ALJ and the Board. We review de novo the Board's and the ALJ's legal conclusions, to ensure that "they are rational and consistent with applicable law." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 529 (4th Cir. 1998). Our recent decision in Union Carbide Corp. v. Richards, 721 F.3d 307 (4th Cir. 2013), precludes Employer's argument that the finality provisions of the Act should bar Compton's subsequent survivor's claim. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." (internal quotation marks omitted)).

2

Employer also contends that the commencement date of benefits on Compton's subsequent survivor's claim cannot predate January 1, 2005. Pursuant to § 725.309(c)(6), "[i]n any case in which a subsequent claim is awarded, no benefits may be paid for any period prior to the date upon which the order denying the prior claim became final." Because the PPACA did not alter or contradict § 725.309(c)(6), which was at the time of the PPACA's enactment in effect under subsection (d)(5), we conclude that the Board did not err in relying on that regulation to establish the onset date of benefits.

Accordingly, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

3